

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2000

# Mason v Meyers

Precedential or Non-Precedential:

Docket 98-7078

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Mason v Meyers" (2000). *2000 Decisions.* Paper 59.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/59

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed March 20, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-7078

JERRY MASON
        Appellant

v.

ROBERT W. MEYERS;
ATTORNEY GENERAL OF PENNSYLVANIA

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 97-cv-01248)
District Judge: Honorable Sylvia H. Rambo, Chief Judge

Argued: Thursday, September 23, 1999

BEFORE: BECKER, Chief Judge, GARTH, Circuit Judge,
and POLLAK, District Judge*

(Opinion Filed: March 20, 2000)

        Robert L. Byer
        David R. Fine (Argued)
        Kirkpatrick & Lockhart LLP
        240 North Third Street
        Harrisburg, Pennsylvania 17101

Attorneys for Appellant

_____
* The Honorable Louis H. Pollak, United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

        Peter Paul Olszewski, Jr.
        District Attorney
        Frank P. Barletta (Argued)
        Assistant District Attorney
        Luzerne County Courthouse
        200 North River Street
        Wilkes-Barre, PA 18711

        Attorneys for Appellees

OPINION OF THE COURT

GARTH, Circuit Judge:

The first of the issues raised in appellant Jerry Mason's
("Mason") appeal -- whether a state court's inordinate delay
of four years in processing a petition for collateral relief
under Pennsylvania's Post Conviction Relief Act, 42 Pa.
Cons. Stat. SS 9541 et seq. ("PCRA") constitutes a due
process violation cognizable in a federal habeas corpus
proceeding pursuant to 28 U.S.C. S 22541 – has already
been addressed and resolved by this court. See Hassine v.
Zimmerman, 160 F.3d 941 (3d Cir. 1998) (holding that a
delay in processing a collateral proceeding is not cognizable
in federal habeas corpus, even if the delay amounts to a
constitutional violation); Heiser v. Ryan, 15 F.3d 299 (3d
Cir. 1994).

The second issue raised in Mason's appeal is whether the
District Court should have permitted Mason to amend his
S 2254 petition to include a second claim because the two-
strike provision of the Antiterrorism and Effective Death
Penalty Act of 1996 ("AEDPA"), 28 U.S.C. S 2244, effectively
precludes petitioners from filing a second or subsequent
habeas petition except in the most unusual of
circumstances. We hold that Mason is entitled to the same

_____

1. 28 U.S.C. S 2254 provides, in relevant part, that the court: "shall
entertain an application for a writ of habeas corpus in behalf of a person
in custody pursuant to the judgment of a State court only on the ground
that he is in custody in violation of the Constitution or laws or treaties
of the United States."

2

prophylactic warnings we recently mandated in United
States v. Miller, 197 F.3d 644 (3d Cir. 1999)-- that the
District Court must advise Mason, as a pro se  petitioner, of
the AEDPA implications before ruling on Mason's petition.
Because the District Court did not have the benefit of our
recent instructions, we will vacate the District Court's
orders and remand so that the District Court may comply
with our Miller decision.2

I.

Mason was convicted of various crimes in 1988, in the
Court of Common Pleas of Luzerne County, Pennsylvania.3
In 1989, Mason was sentenced to a term of imprisonment
of between fourteen and twenty-eight years and restitution.
Mason appealed his conviction and sentence to the
Superior Court of Pennsylvania. On August 27, 1990, the
Superior Court affirmed his conviction and sentence but
vacated the restitution order.

On March 24, 1992, Mason filed a petition under the PCRA alleging ineffective assistance of trial counsel. The court appointed counsel to represent him, and an evidentiary hearing was held on August 11, 1993. Not hearing anything further from either the court or his counsel for four years, on August 12, 1997, Mason filed a petition for a writ of habeas corpus with the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. S 2254, alleging that a four year delay in resolving his PCRA petition violated his right to due process under the Fourteenth Amendment.

The District Court assigned the case to a magistrate judge who filed a report and recommendation on October 22, 1997, holding that Mason was excused from having to first exhaust state remedies.[4] See Hankins v. Fulcomer, 941

_____

2. As we discuss in text infra, we will apply the Miller requirements to S 2254 habeas petitions as well as to S 2255 habeas petitions.
3. Mason was convicted of kidnapping, rape, two counts of involuntary deviate sexual intercourse, indecent assault, terroristic threats and unlawful restraint.

4. 28 U.S.C. S 2254(b) provides in part that a writ of habeas corpus should not be granted "unless it appears that the applicant has

F.2d 246, 250 (3d Cir. 1991) (holding that inordinate delay can excuse exhaustion requirement). The magistrate judge then distinguished between inordinate delays in state court proceedings on direct rather than on collateral appeal by relying on decisions from the Seventh and Ninth Circuits.[5] The magistrate judge determined that "delay by the PCRA court in deciding the petitioner's PCRA petition[collateral review] does not amount to a due process violation even if the delay is inordinate. . . ." Appendix at Exhibit A.

Mason filed his objections to this report and recommendation on November 3, 1997. The government neither objected to the magistrate judge's recommendation with respect to the exhaustion claim, nor responded to Mason's objections. The District Court adopted the magistrate judge's report and recommendation on December 16, 1997, dismissed the federal habeas petition, and declined to issue a certificate of appealability. In a motion for reconsideration on January 2, 1998, Mason requested leave to amend his habeas petition to include his underlying claim of ineffective assistance of trial counsel. The District Court denied the motion on January 13, 1998, simply stating that "[t]his he cannot do." We granted

exhausted the remedies available in the courts of the State." For purposes of this appeal, however, it is important to note that S 2254(b) provides an exception to the exhaustion requirement if: "there is an absence of available State corrective process; [or] circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. S 2254(c) states that an "applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

5. See Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir. 1996); Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989).

6. The District Court had subject matter jurisdiction pursuant to 28 U.S.C. SS 2254 and 1331; we exercise jurisdiction pursuant to 28 U.S.C. S 1291.

4

II.

Mason claims that he was denied a federal due process right with respect to the delay involved in processing his petition for post-conviction relief. Even if such a delay constitutes a due process violation, Mason's claim must fail. This Court has rejected the proposition that in a case with a factual setting such as Mason presents, a delay in a collateral proceeding can be the basis of a petition for a writ of habeas corpus. See Hassine v. Zimmerman, 160 F.3d 941 (3d Cir. 1998); Heiser v. Ryan, 15 F.3d 299 (3d Cir. 1994).7

III.

Although the subject of Mason's motion -- styled as a Motion for Reconsideration -- was Mason's attempt to amend his S 2254 petition to add another claim, the District Court, without regard to the context, treated the motion as one for reconsideration and stated without more,"[t]his he cannot do." In light of the fact that United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was not decided until after the District Court had rendered its decision denying Mason's Motion for Reconsideration, and because our decision today requires compliance with Miller in S 2254 as well as S 2255 petitions, we have no need to address the District Court's basis or reason for denying Mason's Motion for Reconsideration. We discuss the Miller requirements infra.

The AEDPA provides that a second or successive habeas

petition under S 2254 is to be dismissed unless certain very specific and rare circumstances exist. See 28 U.S.C. S 2244. None of those exceptions applies in Mason's case. As a result of the AEDPA's two-strike rule, it is essential that

_____

7. Mason also briefly suggests that the PCRA engendered in him a liberty interest violated by the state's inordinate delay. He analogizes the PCRA to Board of Pardons v. Allen, 482 U.S. 369 (1987), in which the Supreme Court held that a state statute mandating the parole of an inmate after the parole board's findings of specific facts engendered a liberty interest

in the inmates. This argument, however, does not assist Mason in his current claim as, even if the PCRA engenders a liberty interest -- an issue not addressed herein -- the relief sought in Allen was pursuant to 42 U.S.C. S 1983 and not pursuant to a federal habeas proceeding. See id.

habeas petitioners include in their first petition all potential claims for which they might desire to seek review and relief. Mason's August 12, 1997, pro se habeas petition included only a claim of inordinate delay in processing his PCRA petition, but failed to include his additional claim of ineffective assistance of trial counsel. Because of the AEDPA's two strike rule, when the District Court dismissed Mason's habeas petition, Mason was consequently barred from bringing a second habeas petition to address his claim of ineffective assistance of counsel. It is understandable, therefore, that Mason sought to amend his petition by means of his Motion for Reconsideration, although he did so improperly.

In Miller, we recounted how the AEDPA had "dramatically altered the form and timing of habeas petitions in the federal courts" and observed that petitioners "must marshal in one S 2255 writ all the arguments they have to collaterally attack their convictions." Miller, 197 F.3d at 649.8 We stressed that out of a sense of fairness, a district court should not prevent a pro se petitioner from presenting all of his claims in one full-fledged S 2255 attack upon his conviction. Accordingly, we have now required that under Miller, district courts provide certain prophylactic "notice" measures before either re-characterizing a post conviction motion as a S 2255 motion or ruling on a S 2255 motion denominated as such when the petitioner is proceeding pro se. See id. The Miller rule requires that the district court advise the pro se petitioner that he can:

> (1) have his motion ruled upon as filed; (2) if his
> motion is not styled as a S 2255 motion have his

motion recharacterized as a S 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (3) withdraw the motion, and file one all inclusiveS 2255 petition within the one-year statutory period.

_____

8. Miller's prophylactic rule extended the Second Circuit's holding in Adams v. United States, 155 F.3d 582 (2d Cir. 1998), which required that before a court could re-characterize a petitioner's motion as a S 2255 motion (thereby subjecting it to the restrictions of the AEDPA), the court must first apprise the petitioner of the AEDPA consequences of such a re-characterization.

6

Id. at 652.

Although Miller involved a S 2255 petition, in footnote 7 of that opinion we suggested that similar prophylactic steps might also be warranted under S 2254 because the AEDPA similarly restricts the filing of a second or successive S 2254 habeas petition. See id. at 652 n.7.9 Because there is no meaningful way to distinguish between S 2254 and S 2255 with respect to the restrictions imposed by the AEDPA and the fairness policy we have expressed in instituting this supervisory rule, we will now apply Miller's instructions and requirements to S 2254 habeas petitions made by pro se petitioners -- whether styled as S 2254 petitions or recharacterized as such. Had Mason been given the notice that Miller requires, he would have been informed of the need to add his claim of ineffective assistance of counsel to his habeas petition asserting an "inordinate delay."

IV.

With Heiser and Hassine as precedential background, we would normally affirm the District Court's dismissal of Mason's habeas claim. However, if we were to follow that course in this proceeding, we would negate the principle established in Miller.

As we pointed out in section III, supra, the District Court did not have the benefit of the Miller instruction when it denied relief to Mason's motion for reconsideration-- a motion designed to amend Mason's original S 2254 petition. Had Mason been afforded the opportunity to add to his original S 2254 petition a claim for ineffective assistance of

_____

9. In fact, with respect to the AEDPA, "[i]n order to provide guidance to the district courts, and hence facilitate the orderly administration of justice in these cases, we have followed the practice, whenever we decide

an AEDPA issue that arises under S 2254 and the same holding would analytically be required in a case arising underS 2255, or vice versa, of so informing the district courts." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (citing Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998); Santana v. United States, 98 F.3d 752, 756 (3d Cir. 1996)). See also Swartz v. Meyers, No. 98-7282, 2000 WL 22581, at *3 n.4 (3d Cir. Feb. 25, 2000); Kapral v. United States, 166 F.3d 565, 574 n.6 (3d Cir. 1999).

7

counsel, the District Court would have had before it both a collateral claim -- which it could not entertain-- and a direct claim of ineffective assistance of counsel-- which it would have been obliged to address. See, e.g. Heiser v. Ryan, 15 F.3d 299 (3d Cir. 1994). To give effect to the Miller doctrine, we must, therefore, permit Mason on appropriate notice to select among the Miller options-- which we will require the District Court to provide.10

In doing so, it will be necessary to vacate the District Court's holding as to Mason's "delay" issue. We do so, however, not to affect the holdings of either Heiser or Hassine -- which are the law of this Circuit-- but rather exclusively because Mason, as a pro se petitioner, was not given the required Miller instructions. By vacating this dismissal, we will be providing Mason with a clean slate so that Mason may, if he so desires, bring one all-inclusive S 2254 habeas petition alleging all of his claims. We note that if Mason were to once again assert in his S 2254 petition a claim of inordinate delay in processing his PCRA petition, the District Court will be obliged under Heiser and Hassine to reject such a claim.

V.

In order to achieve the objective sought by our instruction in United States v. Miller, we will accordingly vacate the District Court's orders which dismissed Mason's S 2254 petition and denied his motion for reconsideration, and we will direct the district court to provide Mason with the notice and the instructions found in Miller .

We can anticipate that the District Court, in following this direction may have to consider the statute of limitations constrictions found in the AEDPA. Therefore, we call particular attention to Miller's holding, which we adopt with respect to S 2254, that if in the future a district court failed to provide the necessary warnings prescribed in

_____

10. In allowing Mason to select among his Miller options, we have no need to address the issue of retroactivity with respect to all S 2254

petitions. Rather, as this case decides Miller applicability to S 2254 petitions, it is appropriate for us to apply our Miller holding to Mason.

8

Miller, the statute of limitations should similarly be tolled to allow the petitioner an opportunity to file all of his claims in the correct manner. See Miller, 197 F.3d at 653.11

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit
_____

11. Miller allows the S 2255 petitioner 120 days to re-file his habeas petition. See Miller, 197 F.3d at 653. In view of our instant decision, S 2254 petitioners should receive the same 120 days in which to re-file their petitions.

9