

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-19-2005

# Goodman v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2448

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Goodman v. USA" (2005). *2005 Decisions.* Paper 673.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/673

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2448
_____

WILLIE L. GOODMAN,
Appellant

vs.

UNITED STATES OF AMERICA
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-04746)
District Judge: Honorable Garrett E. Brown, Jr.
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
JULY 29, 2005
Before:  CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES
(Filed August 19, 2005)
_____

OPINION
_____

PER CURIAM

        Willie L. Goodman, pro se, appeals an order of the United States District

Court for the District of New Jersey denying his motion for reconsideration of its order

denying his petition for a writ of error coram nobis.  We will affirm.

1

In 1999, Goodman was sentenced to 198 months' imprisonment, five years' supervised release and fines for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a). At sentencing he was determined to be a career offender based on his state convictions for a violent crime and a drug crime. Goodman later filed a § 2255 motion, which was denied. He then filed a habeas petition pursuant to § 2254 attacking his state convictions. The District Court concluded that it lacked jurisdiction because Goodman was no longer in custody with respect to his state convictions, construed it as a § 2255 motion and transferred it to this Court for review as an application for authorization to file a second or successive motion. We dismissed the application for failure to prosecute.

Goodman then filed in the District Court a petition for a writ of error coram nobis with regard to his state convictions. The District Court dismissed the petition for lack of jurisdiction. Goodman filed a motion pursuant to Federal Rule of Civil Procedure 60(b) asking the District Court to construe his petition for a writ of coram nobis as a Rule 60(b) motion with regard to the District Court's earlier treatment of his § 2254 petition. He claims that he did not receive a warning under either United States v. Miller, 197 F.3d 644 (3d Cir. 1999) or Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), with respect to his § 2254 petition, which was construed as a § 2255 motion. The District Court denied Goodman's Rule 60(b) motion on the basis that Goodman failed to present any justification for granting reconsideration other than his disagreement with the District

2

Court's initial resolution of the petition. Goodman timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We agree with the District Court that it lacked jurisdiction to review Goodman's petition for a writ of error coram nobis with regard to his state convictions. Only the court that handed down the judgment of conviction for those offenses may entertain such a petition. See Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003). In light of Goodman's failure to provide any basis for granting reconsideration under Rule 60(b), the District Court properly determined that its previous decision should not be disturbed.

Summary action is appropriate if there is no substantial question on appeal. See Third Circuit LAR 27.4. For essentially the reasons set forth by the District Court, we will summarily affirm the District Court's order denying Goodman's Rule 60(b) motion. See Third Circuit I.O.P. 10.6.