DLD-271                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2459
_____

IN RE:  TORMU E. PRALL,
                                                   Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-11-cv-06355)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 6, 2013

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: June 18, 2013)
_____

OPINION
_____

PER CURIAM

        Tormu E. Prall has filed a pro se petition for a writ of mandamus seeking to

compel the United States District Court for the District of New Jersey to rule on his

pending petition for a writ of habeas corpus.  For the following reasons, we will deny the

mandamus petition.

        A writ of mandamus is a drastic remedy available only in extraordinary

circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.

2005).  A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a particular manner.  See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam).  That said, a writ of mandamus may issue where a district court's "undue delay is tantamount to a failure to exercise jurisdiction."  Madden, 102 F.3d at 79.

In October 2011, Prall filed a petition pursuant to 28 U.S.C. § 2254.  After receiving warnings pursuant to Mason v. Myers, 208 F.3d 414, 418 (3d Cir. 2000), Prall notified the District Court in September 2012 that he wished to proceed with his habeas petition "as is."  Prall also submitted, inter alia, several discovery-related requests and a motion construed by the District Court as seeking to amend his habeas petition.  The District Court denied those motions without prejudice in March 2013.  Thereafter, Prall filed motions pursuant to Federal Rule of Civil Procedure 60(b)(1), seeking to challenge the District Court's March 2013 orders.  Those motions remain pending.  Prall filed the present mandamus petition on May, 22, 2013.[1]

---

[1] This is Prall's third mandamus petition seeking to compel the District Court to rule on his petition for a writ of habeas corpus.  We denied the prior two petitions.  See In re Prall, C.A. No. 12-1046 (order entered on Feb. 7, 2012); In re Prall, C.A. No. 12-2478 (order entered on Aug. 27, 2012.).

We note that the overall proceedings related to Prall's habeas petition have been protracted, that the respondents have not been served with the petition, and that Prall claims that his sentence expires in November 2015. Nevertheless, we are not presented with any evidence of extraordinary delay, nor do we have reason to believe that there will be delay going forward, particularly in light of the District Court's recent adjudication of Prall's discovery motions and motion to amend. Significantly, a substantial portion of the delay in adjudicating the case appears to be attributable to the motions filed by Prall. In short, because the delay about which Prall complains is not "tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, we will deny the petition for a writ of mandamus.[2]

---

[2] Prall's motion for "expedited consideration" is denied.