**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4342
_____

IN RE: MICHAEL WEST,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court
for the District of New Jersey
(Related to D.C. Civ. No. 13-cv-05339)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
January 23, 2015

Before:   AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: January 29, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Petitioner Michael West, a federal prisoner, filed this petition for a writ of

mandamus pursuant to 28 U.S.C. § 1651, seeking an order directing the United States

District Court for the District of New Jersey to enter a default judgment against the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Government and to vacate his conviction. For the following reasons, we will deny the petition.

West filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in August 2013. The motion sat on the docket for nearly a year without any activity. In July 2014, West filed an amended § 2255 motion, as well as a motion to compel the Government to file a response. The District Court entered an order pursuant to Mason v. Myers, 208 F.3d 414 (3d Cir. 2000), and United States v. Miller, 197 F.3d 644 (3d Cir. 1999), advising West to elect either to have the motion ruled on as filed or withdraw it and file an all-inclusive motion within the one-year limitations period. West failed to respond to the Miller/Mason order; however, in August 2014, he filed a motion for default judgment against the Government. On November 3, 2014, absent any response to or ruling on his § 2255 or default judgment motion, West filed the instant mandamus petition. He argues that the Government's failure to respond should be construed as its agreement with the merits of the § 2255 motion and, therefore, the District Court should be directed to vacate his sentence.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v.

2

Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).  West cannot make the requisite showing.

On November 13, 2014, the District Court directed the Government to respond to the § 2255 motion within 45 days.  The next day, West filed a second motion for default judgment, which the District Court dismissed as moot.  On December 22, 2014, the District Court entered an order, per the Government's letter-request,[1] extending the time for the Government to respond to the § 2255 motion until February 23, 2015.  An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982).  In this case, while there was an initial delay in the resolution of the motion which may be attributable to the District Court, since July 2014, when West filed his latest amended § 2255 motion, there has been no extraordinary delay.  Although the District Court waited three months to direct the Government to respond to the amended motion, this delay appears to be the result of West's failure to respond to the Mason/Miller order.[2]  West takes issue with the Government's delay in filing its response; however, it was only first directed to respond

---

[1]  The Government's letter-request is not listed on the docket.
[2]  In its order directing the Government to respond, the District Court stated that the filing of the amended petition (on the same day as the Miller/Mason order) would be construed as evidence that West elected to stand on his complaint.

in November, and its request for an extension of time was not unreasonable.[3] We are confident that once the Government responds, the District Court will rule on the § 2255 motion without unnecessary delay. Thus, we conclude there is no basis here for granting extraordinary relief.

For the foregoing reasons, we will deny the petition for writ of mandamus.

---

[3] Even if the Government had failed to respond to the § 2255 motion, it does not follow that West is entitled to a default judgment. See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) (collecting cases).