ALD-236                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2037
_____

IN RE:  RAYMOND WINCHESTER,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to 1-18-cv-01458)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 18, 2019

Before:  MCKEE, SHWARTZ, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 20, 2019)
_____

OPINION[*]
_____

PER CURIAM

Raymond Winchester, a Delaware state prisoner, seeks a writ of mandamus in con-

nection with a habeas petition he filed in the United States District Court for the District of

Delaware.  For the reasons that follow, we will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In September 2018, Winchester filed a petition pursuant to 28 U.S.C. § 2254 in the District Court, attacking his state court conviction and sentence. On January 3, 2019, the District Court entered an order pursuant to Mason v. Myers, 208 F.3d 414 (3d Cir. 2000), and United States v. Miller, 197 F.3d 644 (3d Cir. 1999), advising Winchester to elect either to have the motion ruled on as filed or withdraw it and file an all-inclusive motion within the one-year limitations period. On January 15, 2019, Winchester responded to the Miller/Mason order and filed his election form. Since then, he has filed numerous exhibits in support of his petition and requests for status updates regarding a ruling on the matter. On May 13, 2019, Winchester filed a letter in this Court complaining that the District Court had not responded to his exhibits or his status requests, and that it had delayed ruling on his habeas petition. The Clerk of this Court construed the letter as a petition for a writ of mandamus.

A writ of mandamus is an appropriate remedy in extraordinary circumstances only. Kerr v. United States Dist. Ct., 426 U.S. 394, 403 (1976). A petitioner seeking the writ must show, among other things, that the right to its issuance is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). This extraordinary remedy is not warranted here. In October 2018, the District Court Clerk advised Winchester that it is not the policy of that Clerk's Office to acknowledge receipt of pleadings or papers filed with the District Court. The Clerk also repeatedly responded to his status letter-requests, advising Winchester that the matter remains pending.

An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir.

2

1996), but the manner in which a court controls its docket is discretionary, <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982).  Because only six months have passed since Winchester elected to move forward with his § 2254 petition, we find no reason to grant the "drastic remedy" of mandamus relief.  <u>See</u> <u>In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d 372, 378 (3d Cir. 2005).  We have full confidence that the District Court will rule on his petition within a reasonable time.  Accordingly, we will deny the mandamus petition.