**HLD-002**                                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3631
_____

IN RE: STEVEN C. BUTTOLPH,
                                                                 Petitioner
_____

On Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-18-cv-02370)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 12, 2019
Before:  SMITH, <u>Chief</u> <u>Judge</u>, CHAGARES and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 23, 2019)
_____

OPINION*
_____

PER CURIAM

     Pro se petitioner Steven Buttolph seeks a writ of mandamus, primarily asking us to

compel the District Court to rule on a habeas petition he filed pursuant to 28 U.S.C.

§ 2254, or, in the alternative, to rule on his § 2254 petition ourselves.  For the following

reasons, we will deny the mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In October 2018, Buttolph's § 2254 petition was transferred to the District Court from another district court. By November 2019, when Buttolph filed his mandamus petition, the District Court had sent him a form requesting his consent to have his case heard by a Magistrate Judge and a copy of his docket sheet, but the District Court had taken no further action on the petition. In his mandamus petition, Buttolph requests that we direct the District Court to enter rulings related to his habeas petition and to expedite its ruling on merits of the § 2254 petition, or, in the alternative, that we enter an order granting relief on the claims in the § 2254 petition. In the beginning of December 2019, the District Court entered an order pursuant to Mason v. Myers, 208 F.3d 414 (3d Cir. 2000), and United States v. Miller, 197 F.3d 644 (3d Cir. 1999), advising Buttolph to elect either to have his § 2254 petition ruled on as filed or withdraw it and file an all-inclusive petition.

A writ of mandamus is a "drastic remedy" that may be granted only in "extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Although Buttolph's § 2254 petition has been pending for a significant length of time, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) (explaining that a writ of mandamus may be warranted where "undue delay is tantamount to a failure to exercise jurisdiction"), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c); cf. Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (granting mandamus relief where a habeas petition had been pending for 14 months), his case is now moving forward. Under the circumstances, we conclude that the "drastic remedy" of mandamus relief is unwarranted at this time. See In re Diet Drugs, 418 F.3d at 378. We have full confidence that the District Court will continue to take the steps necessary to adjudicate Buttolph's § 2254 petition and rule on it within a reasonable time.

Accordingly, we will deny Buttolph's mandamus petition. The denial is without prejudice to Buttolph's right to seek mandamus relief should the District Court fail to rule on his § 2254 petition within a reasonable time.