In the
United States Court of Appeals
For the Seventh Circuit

No. 97-3463

Lee Knowlin,

Plaintiff-Appellant,

v.

Pat Thompson and Ed Michalek,

Defendants-Appellees.


Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 96-C-5--Charles N. Clevert, Judge.


Submitted November 30, 1999/*--Decided March 23, 2000



	Before Harlington Wood, Jr., Flaum, and Evans, Circuit
Judges.

	Flaum, Circuit Judge.  Lee Knowlin, a Wisconsin
prisoner proceeding pro se, filed suit under 42
U.S.C. sec. 1983 seeking compensatory and
punitive damages against Arkansas law enforcement
officers for alleged violations of the Arkansas
Uniform Criminal Extradition Act ("UCEA"). The
district court dismissed Knowlin's complaint
without prejudice as barred by Heck v. Humphrey,
512 U.S. 477 (1994). For the reasons stated
below, we affirm.

Background

	In reviewing the district court's dismissal, we
accept the allegations in the plaintiff's
complaint as true and draw all reasonable
inferences in favor of the plaintiff. See
Hernandez v. Joliet Police Dep't, 197 F.3d 256,
262 (7th Cir. 1999). In February 1992, the State
of Wisconsin released Knowlin on parole. After
violating the conditions of his parole, Knowlin
left Wisconsin. In February 1994, Knowlin was
arrested in Sherwood, Arkansas, for traffic
violations. Shortly after Knowlin's arrest in
Arkansas, authorities there received a request
from the State of Wisconsin to hold him pending
a formal extradition request. Knowlin appeared
before an Arkansas judge on a detainer warrant on

February 15, 1994, and he informed the court that he would not waive formal extradition procedures. On February 28, 1994, the governor of Wisconsin submitted a request for Knowlin's extradition to the Arkansas governor. On March 10, 1994, the Arkansas governor issued a certificate of delivery, authorizing Knowlin's transfer to Wisconsin under the terms of the UCEA. Under the Arkansas UCEA, before Knowlin was surrendered to Wisconsin authorities, he was to be informed of the demand for his surrender, the charges against him, and his right to an attorney. See Ark. Code Ann. sec. 16-94-210. If Knowlin chose to test the legality of the proposed extradition, he was to be taken before a judge and allowed a reasonable amount of time to apply for a writ of habeas corpus, a proceeding in which the court could establish Knowlin's identity and verify the facial validity of the extradition papers. See id. Knowlin, following through with his election to oppose extradition, filed a pro se motion on March 14, 1994, requesting that his extradition proceedings be moved from the Sherwood Municipal Court to the Arkansas Circuit Court, where he could seek a habeas writ. On March 15, an Arkansas judge transferred Knowlin's pending extradition proceedings to the state's circuit court, but before a hearing could be held on his habeas application, the defendants, Sherwood law enforcement officers Pat Thompson and Ed Michalek,/1 delivered him to Wisconsin agents. After a parole revocation hearing, the State of Wisconsin revoked Knowlin's parole and imprisoned him. See Wisconsin ex rel. Knowlin v. Schwarz, No. 95-2504, 1996 WL 266005, at *1 (Wis. Ct. App. May 21, 1996).

Knowlin subsequently filed suit in the district court under sec. 1983 against Thompson and Michalek for surrendering him to Wisconsin authorities without first permitting him to pursue a habeas corpus action in an Arkansas court to contest his extradition. Knowlin alleged that his surrender prior to the disposition of his habeas corpus action violated his federal rights under the Fourteenth Amendment and the UCEA.

The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Knowlin failed to state a claim upon which relief could be granted and, alternatively, that they were entitled to qualified immunity. Knowlin, citing our decision in McBride v. Soos, 594 F.2d 610, 613 (7th Cir. 1979) (holding that a complaint "which charges abuse of the extradition power by noncompliance with applicable law states a cause of action [under sec. 1983]"), argued that he indeed stated a proper claim. The district court rejected both proffered defenses.

Instead, the court concluded sua sponte that Knowlin's claim was barred by Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny. Accordingly, the district court dismissed Knowlin's complaint without prejudice.

Discussion

In the district court, Knowlin asserted that, when the defendants delivered him to Wisconsin authorities while his Arkansas habeas corpus action remained pending, they violated his rights under the Fourteenth Amendment and the UCEA. On appeal, Knowlin has abandoned his Fourteenth Amendment argument, and we therefore consider only Knowlin's allegation that the defendants violated the UCEA. We conclude, like the district court, that Knowlin's sec. 1983 claim is barred by Heck.

Heck involved a sec. 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers that had led to the plaintiff's arrest, and ultimately his conviction. In analyzing whether Heck's claim was cognizable under sec. 1983, the Court analogized to the common-law cause of action for malicious prosecution, one element of which is the termination of the prior criminal proceeding in favor of the accused. The Supreme Court upheld the dismissal of the suit, and it stated that if a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the [sec. 1983] complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. This rule stems not from exhaustion principles, but from "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." Id. at 486.
The tort of malicious prosecution provides the closest analogy again in this case, and thus Knowlin cannot prevail in his claim based on the denial of an opportunity to test the facial validity of the extradition demand through habeas proceedings absent a showing that he was not, in fact, extraditable through proper procedures. It is irrelevant that Knowlin, in his complaint, alleges only that the defendants denied him a procedure guaranteed by federal law; he does not allege that he was innocent of the charges in the demanding state or was otherwise not extraditable. In Edwards v. Balisok, the Supreme Court rejected the proposition that a claim challenging only a procedural defect, not a defective result, is always cognizable under sec. 1983 after Heck. 117 S.Ct. 1584, 1587-88 (1997). Rather, Heck requires an inquiry into the nature

of the allegations and whether the entire claim for damages would, if proven, necessarily imply the invalidity of the conviction or sentence. Id. at 1588.

In Antonelli v. Foster, 104 F.3d 899 (7th Cir. 1997), the plaintiff sought damages under sec. 1983, alleging that his detention pursuant to a parole violator warrant was invalid because he was not given a copy of the application for the warrant. We held that the suit was barred by Heck because the plaintiff had not proven that his detention had been invalidated: "A suit for damages for confinement pursuant to a warrant would also be a suit for malicious prosecution, . . . which can succeed only if the prosecution fails, that is, only if the confinement is held to be unlawful in the proper forum." Id. at 900 (citations omitted). So too, here, to establish a sec. 1983 claim for monetary relief, including a showing of damages, Knowlin will have to prove that he suffered some deprivation of liberty greater than that which he would have suffered through extradition in full compliance with the UCEA. That showing, in turn, would necessarily imply the invalidity of his Wisconsin parole revocation, which Heck instructs cannot be shown through a sec. 1983 suit. Heck therefore bars the instant suit.

Conclusion

For the reasons stated herein, the decision of the district court is AFFIRMED.

/* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

/1 Knowlin also sued Sherwood police officer Leonard Carver, but voluntarily dismissed the suit against Carver because he was unable to effect service against this third defendant. Although Knowlin also alleged official capacity claims against the defendants, he conceded in the district court that he could not state such a claim.