Bobby G. PULLEN, Plaintiff–Appellant,

v.

Mike KEESLING, Kansas Highway Patrol Sergeant; Jason Devore, Kansas Highway Patrol Trooper; Greg Jirak, Kansas Highway Patrol Trooper; Greg McKinney, Investigator, Jefferson City, Missouri, Police Department; Tim Brunholtz, RAC Fairview Heights, Illinois, Regional Office; Assistant United States Attorney, (Full Name Unknown), Defendants–Appellees.

No. 01–3007.

United States Court of Appeals, Tenth Circuit.

May 24, 2001.

Before EBEL, KELLY and LUCERO, Circuit Judges.

ORDER AND JUDGMENT *

EBEL, Circuit Judge.

Bobby Pullen was convicted of possessing marijuana and sentenced to 262 months' imprisonment. On direct appeal, we affirmed. *United States v. Pullen*, No. 99–3226, 2000 WL 1480362 (10th Cir. Oct.6, 2000). Among other things, we held that Pullen's extradition rights had not been violated when he was transported from Kansas to Illinois. *Id.* at *3.

While his criminal appeal was pending, Pullen filed this civil rights action under 42 U.S.C. § 1983 against the arresting officers and other persons involved in the decision to transport him from Kansas to Illinois, alleging the same violation of his extradition rights. (Doc. 1 (complaint).) Because of our decision in the criminal appeal, the district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

We review the district court's decision to dismiss a complaint as frivolous for abuse of discretion. *McWilliams v. Colorado*, 121 F.3d 573, 574–75 (10th Cir. 1997). A complaint is frivolous if it is "based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions." *Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir.1997) (quotation marks omitted). "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams*, 121 F.3d at 574 (quotation marks and alteration omitted).

Pullen's extradition claim was considered and rejected by this court in his criminal appeal. It was not an abuse of discretion for the district court to dismiss

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(2) and 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

his civil suit predicated on the same theory. On appeal, Pullen appears to argue that new evidence calls our first decision in question. We do not see anything that casts doubt on our prior statements, but because he did not make this argument or submit this evidence to the district court, we do not address it. *See Walker v. Mather (In re Walker),* 959 F.2d 894, 896 (10th Cir.1992).

█ In addition, because Pullen's claim, if successful, would necessarily imply the invalidity of his criminal conviction, he may not assert it under § 1983 without showing that his conviction has already been set aside. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Knowlin v. Thompson,* 207 F.3d 907, 909 (7th Cir.2000) (holding that § 1983 challenges to extradition procedures are barred by *Heck*).

We AFFIRM the dismissal of Pullen's complaint for substantially the reasons stated by the district court. Pullen is reminded of his obligation to continue making partial payments on the filing fee until the entire fee has been paid.