Clyde B. **WILLIAMS**, Plaintiff–Appellant,

v.

Margaret A. **MARONEY**, Defendant–Appellee.

No. 03–4160.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 14, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Clyde B. Williams, Winnebago, WI, pro se.

Peggy A. Lautenschlager, Office of the Attorney General Wisconsin Department of Justice, Madison, WI, for Defendant–Appellee.

Before Hon. JOHN L. COFFEY, Hon. KENNETH F. RIPPLE, and Hon. MICHAEL S. KANNE, Circuit Judges.

## ORDER

In 2000, ten years after two young girls had accused Clyde Williams of sexual assault, the State of Wisconsin charged him with two counts of first-degree sexual assault of a child, Wis. Stat. § 948.02(1) (1996), and consolidated the case for trial with another similar count arising from the alleged assault of another girl in 1996. A jury found Mr. Williams guilty on all counts, and in August 2002 he was sentenced to 50 years' imprisonment for each of the 1990 assaults. *See State v. Williams,* 270 Wis.2d 761, 677 N.W.2d 691 (2004). At the time the 1990 offenses were committed, however, § 948.02(1) carried a maximum penalty of 20 years' imprisonment as a Class B felony, *see* Wis. Stat. § 939.50(3)(b), with the possibility of an additional 10 years' imprisonment under Wis. Stat. § 939.62(1)(c) if the defendant,

as was true for Mr. Williams, qualified as a repeat criminal (the maximum penalty for a Class B felony was increased to 40 years in 1997, *see* § 939.50(3)(b)). Accordingly, assistant public defender Margaret Maroney, who was appointed by the trial court to assist Mr. Williams with his direct appeal, argued in a pre-appeal postconviction proceeding, *see* Wis. Stat. § 974.06, that the 50–year terms were illegal and should be reduced to the maximum in effect when the crimes were committed. *See Williams,* 677 N.W.2d at 697 n. 2. The trial court agreed and in January 2003 reduced the sentences for the 1990 offenses to 30 years each. *See id.* Attorney Maroney then proceeded with the direct appeal, and in February 2004 the state appellate court affirmed all three of Mr. Williams's convictions.

Meanwhile, with his direct appeal still pending before the state appellate court, Mr. Williams filed the present action in federal court under 42 U.S.C. § 1983, claiming that Ms. Maroney conspired with unidentified public officials to violate his rights under the Ex Post Facto Clause, U.S. CONST. art. I, § 10, cl. 1, and various constitutional amendments. As best as we can discern from his complaint, Mr. Williams apparently believes that Ms. Maroney should have argued that his convictions for the two 1990 sexual assaults were invalid because of the sentencing error, not just that he was entitled to a sentence reduction. Prior to service of process, *see* 28 U.S.C. § 1915A, the district court dismissed the suit as frivolous on the ground that the complaint fails to allege any conduct by Ms. Maroney that would conceivably have violated the Constitution.

Williams appeals, and although we might be inclined to share the district court's observations, we conclude that the court should have dismissed the suit without prejudice as barred under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129

L.Ed.2d 383 (1994). It is well established that a § 1983 plaintiff may not raise claims that, if correct, would necessarily imply the invalidity of a state conviction or sentence unless and until that conviction or sentence has been set aside. *See id.* at 486–87; *Case v. Milewski,* 327 F.3d 564, 568–69 (7th Cir.2003). A ruling that Ms. Maroney somehow colluded with state actors to violate Mr. Williams's rights under the Ex Post Facto Clause or some other guarantee would necessarily undermine the validity of the state judgment, and so *Heck* renders Mr. Williams's allegations premature. *See Knowlin v. Thompson,* 207 F.3d 907, 908–09 (7th Cir.2000) (affirming district court's sua sponte dismissal under *Heck*).

For the foregoing reasons, we AFFIRM the dismissal of Mr. Williams's complaint, except that we MODIFY the dismissal of his claim to be without prejudice.