**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2006[*]
Decided March 9, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-3243

| | |
|---|---|
| JEFFREY M. SCHREIBER,<br> *Plaintiff-Appellant,*<br><br> *v.*<br><br>JOHN BUNCICH, et al.,<br> *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division<br><br>No. 2:03cv281<br><br>James T. Moody,<br>*Judge.* |

**O R D E R**

For the second time Jeffrey Schreiber appeals an adverse decision arising from his efforts to recover damages under 42 U.S.C. § 1983 for what he claims were unlawful extraditions from Indiana to Wisconsin and then back to Indiana. In the earlier suit Schreiber claimed that Wisconsin authorities hindered his return to Lake County, Indiana, where he faced charges that, in Schreiber's view, should have been resolved before he was sent to Wisconsin. This time he sued Lake County and its current and former sheriffs for releasing him to Wisconsin with the

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Indiana charges still pending. He also claimed that his jailers in Lake County stole funds from his commissary account during his confinement, and twice charged an unconstitutional "processing fee" upon his arrival at the county jail. After a bench trial the district court ordered Lake County to return the booking fees and granted judgment for the defendants. We affirm.

We recite the district court's findings of fact. Schreiber was convicted in Columbia County, Wisconsin, in 1999 on two felony counts of failure to pay child support and sentenced to a 36-month term of supervised probation; as a condition of that probation he executed a written waiver of extradition to Wisconsin from any jurisdiction in the United States. On July 22, 2001, Schreiber was arrested by police in Hammond, Indiana, for drunk driving and resisting arrest. He was booked into the Lake County, Indiana, Jail; pursuant to a recently enacted county ordinance, Schreiber was also assessed a $25 "processing fee." The next day jailers were asked by Wisconsin corrections officials to hold Schreiber pending extradition on a violation of probation warrant charging him with absconding from probation supervision.[1] The Wisconsin officials also sent to Lake County a copy of Schreiber's waiver of extradition. Schreiber then executed a similar waiver in Lake County on July 24 and, that same day, was ordered by a county magistrate to be turned over to Wisconsin authorities. Schreiber was transported back to Columbia County on August 6, though, as his Lake County jailers would later discover, a county prosecutor had filed a felony information on July 23 charging him with drunk driving and resisting arrest.

While in Columbia County awaiting his revocation of probation hearing, Schreiber sent letters to Indiana requesting that he be returned there to face the Lake County charges. In August 2001 an Indiana judge responded by ordering that Schreiber submit a request for final disposition of the Indiana charges to his custodian in Wisconsin. The court explained that, in order for Schreiber to trigger the 180-day speedy-trial mandate of the Interstate Agreement on Detainers ("IAD"), see 18 U.S.C. App. § 2, art. III(a); Ind. Code § 35-33-10-4, art. III(a), it would be necessary for his Wisconsin custodian to certify Schreiber's request for final disposition and forward it to the court and prosecutor in Lake County. Schreiber followed the court's instructions, but some six months later, after the circuit court in Columbia County, Wisconsin, had revoked his probation and sentenced him to consecutive one-year jail terms. Lake County authorities, after receiving

---

[1]     The record is unclear whether the terms of Schreiber's supervised probation even allowed him to leave the state of Wisconsin. However, the parties do not dispute that Schreiber did, in fact, violate the terms of his probation, and that Wisconsin authorities responded to this violation by issuing a warrant for Schreiber's arrest.

Schreiber's certified request for final disposition of the pending charges, initiated his extradition. Schreiber was transported back to Lake County, Indiana, on April 17, 2002, and once more assessed a $25 "processing fee." In October 2002 a Lake County judge dismissed the pending charges; the court agreed with Schreiber that Lake County had violated the IAD, *see* 18 U.S.C. app. § 2; Ind. Code § 35-33-10-4. Schreiber was then returned to Wisconsin to serve the remainder of his revocation sentence.

Schreiber turned to the federal courts. In April 2003 he filed suit in the Western District of Wisconsin claiming under § 1983 that 18 different defendants violated the IAD by delaying his return to Indiana after he demanded final disposition of the Lake County charges. The district court dismissed the claim against all but one of the defendants at the initial screening stage and later granted summary judgment for the remaining defendant, the sheriff of Columbia County, Wisconsin. We upheld that judgment on appeal, reasoning that Schreiber could not have been harmed, *e.g.*, *Doe v. Welborn*, 110 F.3d 520, 523 (7th Cir. 1997), "no matter the defendants or the legal theory" because any delay in getting back to Indiana did him no harm, *Schreiber v. Rowe*, No. 04-2523, 2004 U.S. App. LEXIS 24239, at *6 (7th Cir. Nov. 5, 2004) (unpublished order). As we explained:

> The Indiana charges were dismissed, so the delay in getting there could not have prejudiced Schreiber. And there is no evidence that the months Schreiber spent waiting to get to Indiana was dead time; Schreiber was serving his two-year Wisconsin sentence, and even after Indiana was finished with him, he was (and had to be) returned to Wisconsin to finish that sentence. Thus, if the defendants had acted to move Schreiber to Indiana in the fall of 2001 rather than the spring of 2002, the total period of incarceration would not have changed.

*Id.*

Meanwhile, with the federal lawsuit in Wisconsin was still pending, Schreiber filed the § 1983 action underlying this appeal in the Northern District of Indiana in July 2003. As relevant here, Schreiber claimed that John Buncich, the sheriff for Lake County, Indiana, until the end of 2001, and Rogelio Dominguez, his successor, were liable along with Lake County for violating his rights under the IAD and the Uniform Criminal Extradition Act, Ind. Code § 35-33-10-3, because he was released to Wisconsin in August 2001. Schreiber also claimed that charging him $50 in total "processing fees" upon entrance to the jail deprived him of property without due process, and that members of the Lake County Sheriff's Department stole from his commissary account during his confinement. He sought $4.5 million

in damages.  After a bench trial (the defendants did not move to dismiss or for summary judgment) the district court found that Buncich was not personally involved in the decision to release Schreiber to Wisconsin before his Lake County charges were resolved, and that neither could Lake County be liable because his release was attributable to "unproven acts of negligence" rather than to any official county policy.  The court also found that Schreiber failed to set forth any evidence to establish that the police stole from his commissary account.  The court did side with Schreiber, however, on his claim about the collection of the "processing fees" and ordered the money returned.

Schreiber appeals, raising essentially three challenges.  First he argues that the district court erred when finding that Buncich and Domguiez did not violate his rights under the IAD and the Uniform Criminal Extradition Act.  Schreiber also argues that the district court erred when finding that he failed to prove that members of the Lake County Sheriff's Department stole funds from his commissary account.  Finally, he claims that the $50 the district court awarded him for the jail "processing fees" was "unjust compensation" for the violation of his constitutional rights.  Because Schreiber's case went to trial we review the district court's conclusions of law de novo and its findings of fact for clear error.  *Bricklayers Local 21 of Ill.  Apprenticeship & Training Program v. Banner Restoration, Inc.*, 385 F.3d 761, 766 (7th Cir. 2004).

We can dispose of Schreiber's two claims regarding the $50 in "processing fees" and the alleged theft of funds from his commissary account.  We have no occasion to review the district court's conclusion that collection of the $50 in processing fees from Schreiber was an unconstitutional "taking," since the defendants have not taken a cross-appeal.  However, the fees totaled just $50, and Schreiber's argument that he should have been awarded a far greater sum is patently frivolous.  Moreover, with respect to Schreiber's claim that the defendants stole funds from his commissary account, we disagree with the district court that Schreiber's allegations state a claim for relief under federal law.[2]  Regardless, the district court found that Schreiber presented no evidence that staff from the Lake County Sheriff's Department stole from his commissary account.  Schreiber has failed to provide us with a transcript of his bench trial, so we accept that finding as

---

[2]     Schreiber had an adequate post-deprivation remedy because he could have sued in state court, Ind. Code § 35-43-4-3; *Lee Tool & Mould, Ltd. v. Ft. Wayne Pools, Inc.*, 791 F.2d 605, 608-09 (7th Cir. 1986) (defining elements of conversion under Indiana law), and for this reason he does not have a federal claim for the denial of property without due process, *see Wynn v. Southward*, 251 F.3d 588, 592-93 (7th Cir. 2001); *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987).

conclusive. *See* Fed. R. App. P. 10(b)(2); *LaFollette v. Savage*, 63 F.3d 540, 544 (7th Cir. 1995); *Stookey v. Teller Training Distrib., Inc.*, 9 F.3d 631, 635 (7th Cir. 1993).

This leaves Schreiber's principle claim: that the defendants violated the IAD and the Uniform Criminal Extradition Act. Regarding his claim relying on the Uniform Criminal Extradition Act, Schreiber twice waived extradition (prospectively as a condition of his probation and again in July 2001 after his arrest in Indiana), which would explain why the Wisconsin governor never sent a signed warrant of arrest. *See* Ind. Code § 35-33-10-3(4) to (5). Thus, the Uniform Criminal Extradition Act was never implicated. *See Scull v. New Mexico*, 236 F.3d 588, 596 (10th Cir. 2000) (stating that because plaintiff "had previously signed a waiver of extradition as a condition of parole, he had neither a constitutional nor a statutory right to specific extradition procedures"). In any event, Schreiber's claim is barred as a § 1983 action because he has offered no evidence proving or establishing that he would have not been convicted in Columbia County of violating his probation or otherwise not eligible for transfer. *See Knowlin v. Thompson*, 207 F.3d 907, 908-09 (7th Cir. 2000); *contra Harden v. Pataki*, 320 F.3d 1289, 1298 (11th Cir. 2003).

This leaves us with Schreiber's IAD anti-shuttling claim. To prevail under § 1983, Schreiber must establish that the defendants were acting under color of state law when they deprived him of a right under the Constitution or federal law, *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003), and that he was injured as a result of their actions, *see Doe*, 110 F.3d at 523. Although as a compact between states the IAD confers federal statutory rights, *see Cuyler v. Adams*, 449 U.S. 433, 449-50 (1981); *Pitsonbarger v. Gramley*, 103 F.3d 1293, 1301 (7th Cir. 1996), the anti-shuttling provision applies only to those persons who have already been convicted and are serving time in prison, not those awaiting trial and sentencing, *see* Ind. Code § 35-33-10-4, art. IV(a); *Dorsey v.* State, 490 N.E.2d 260, 264 (Ind. 1986); *Pallett v. State*, 381 N.E.2d 452, 455-56 (Ind. 1978); *Howard v. State*, 775 N.E.2d 242, 245 (Ind. Ct. App. 2001). Although Schreiber points to the Indiana court's dismissal of his state charges as evidence that the anti-shuttling provision applied and was violated, he expands the court's order. Schreiber argued in his motion to dismiss that the sheriff's department violated the anti-shuttling provision *and* that his charges were not resolved within the time limit mandated by a different article of the IAD, *see* Ind. Code § 35-33-10-4, art. III. The court granted his motion without explanation, and we are unable to find any evidence in this record that it did so on the basis of his anti-shuttling claim. In any event, Schreiber has failed to demonstrate any prejudice or harm. His Indiana charges were dismissed because of a failure to follow the IAD, not because they lacked a basis in fact or law. Thus, if anything, Schreiber benefitted from the defendants' actions in the long run.

AFFIRMED.