**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES P. WYLIE,

        Plaintiff - Appellant,

    v.

BILL RITTER; ARISTEDES W. ZAVARAS;
GARY GOLDER; TONY CAROCHI;
CATHIE HOLST; TONY ROMERO;
JOANNIE SHOEMAKER; DAVID V.
GRIFFARD; SHAMES; KEVIN MILYARD;
LARRY E. REID; CAROL SOARES; JOHA
CHAPDELAINE; BEV DAVIS; LLOYD
WAIDE; KEN WILDENSTEIN; MARY
COX; M. LOGAN; NEGLEY; B. SCOTT; R.
CARPENTER; MCCORMICK; M.
STARMER; R. LOVITT; A. WILCOX; S.
HARDY; N. HANEY; C. FOSTER; M.
CULLIP; Z. HUNKER,

        Defendants - Appellees.

No. 08-1214
(D. Ct. No. 08-CV-00969-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant James Wylie, a Colorado prisoner appearing pro se, filed a complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) asserting that the Colorado Department of Corrections ("CDOC") is violating his rights under the Americans with Disabilities Act ("ADA") by failing to accommodate him.  The district court found that Mr. Wylie had previously litigated the issues raised in his complaint and therefore dismissed the action as "frivolous or malicious" under 28 U.S.C. § 1915(e)(2)(B)(i).  After reviewing the record, we agree that Mr. Wylie is attempting to re-litigate matters already decided, and we therefore AFFIRM the district court's dismissal.

## I.  BACKGROUND

Mr. Wylie has been an inmate in the CDOC's custody since July 2002.  He has difficulty reading, and at the time of his incarceration, he wore special filtered glasses to assist him.  Corrections officials confiscated those glasses, stating that they violated CDOC policy.  Mr. Wylie then asked for special accommodations such as assistance with reading and writing.  After he did not receive the help he desired from the CDOC, Mr. Wylie filed a pro se claim pursuant to the settlement reached in *Montez v. Owens*, No. 92-CV-00870, a class-action suit filed by prisoners against the state.  The settlement provides a framework through which prisoners may assert claims under the ADA.

Mr. Wylie's claim went to a special master, who received evidence and testimony regarding Mr. Wylie's alleged scotopic sensitivity syndrome ("SSS"), attention-

- 2 -

deficit/hyperactivity disorder ("ADHD"), and dyslexia. The master found that Mr. Wylie has SSS, which substantially limits Mr. Wylie's reading ability. The master further found that the CDOC discriminated against Mr. Wylie when it took away his filtered glasses. The master ordered the state to provide Mr. Wylie with a new pair of glasses but added, "[t]hat is the only relief that Claimant is entitled to due to his disciplinary problems." The master noted that Mr. Wylie had 215 convictions under the Code of Penal Discipline, far more than any previous *Montez* claimant. The master specifically noted that Mr. Wylie was not entitled to money damages.

Mr. Wylie objected to the master's ruling, but the district court overruled the objection and denied Mr. Wylie's motion for oral argument. It is important to note that Mr. Wylie does not appeal that ruling.

Two days after the district court's decision, Mr. Wylie filed this action in federal district court, seeking both injunctive and monetary relief. He was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. In his complaint, Mr. Wylie claims to suffer from several disorders, including SSS, ADHD, dyslexia, and bipolar disorder. He also claims that the CDOC is not adequately accommodating his disabilities. Among other things, he seeks filtered glasses, books on tape, and money damages for his suffering.

The district court dismissed the action as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The court found that Mr. Wylie's claims constituted "[r]epetitious litigation of virtually identical causes of action," and therefore were frivolous. Mr. Wylie

appeals.

## II. DISCUSSION

Under 28 U.S.C. § 1915, when a litigant is proceeding in forma pauperis, the district court must dismiss any action or appeal that is "frivolous or malicious." § 1915(e)(2)(B)(i). "[R]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotations omitted); *see also Pullen v. Keesling*, 9 Fed. Appx. 882, 883 (10th Cir. 2001) (unpublished). We review for abuse of discretion the district court's dismissal of Mr. Wylie's claim as frivolous. *McWilliams*, 121 F.3d at 574–75.[1]

The district court did not abuse its discretion in dismissing Mr. Wylie's complaint. While a broad reading of the two complaints reveals subtle differences, their key components are identical. Each time, Mr. Wylie claimed that the CDOC was violating his rights under the ADA based on SSS, ADHD, and dyslexia; each time he sought injunctive relief in the form of glasses and other assistance with reading; and each time he also sought monetary relief.

In the first case, Mr. Wylie received a full and fair hearing. The special master

---

[1]Under certain circumstances, we review de novo a district court's dismissal of a claim as frivolous. *See, e.g.*, *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003) (stating that when the frivolousness determination is based on a failure to file the action in a timely manner, that issue is legal and must be reviewed de novo). In this case, however, there is no legal issue involved in the frivolousness determination, so the abuse-of-discretion standard applies. In addition, because we agree with the district court that the complaint was frivolous, the standard of review does not affect the disposition of this appeal.

gave a detailed report of Mr. Wylie's condition, finding that the CDOC had discriminated against him. The master awarded injunctive relief—by ordering the CDOC to furnish Mr. Wylie with filtering glasses—but determined he was not entitled to other relief because of his disciplinary convictions. This judgment was final as to Mr. Wylie's ADA complaints, and thus his current complaint constitutes "[r]epetitious litigation" of a "virtually identical" cause of action.[2] *See McWilliams*, 121 F.3d at 574. The district court, therefore, was well within its discretion in dismissing the repetitive complaint.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Mr. Wylie's complaint under 28 U.S.C. § 1915(e)(2)(B)(i). By affirming the district court's dismissal we assess one strike against Mr. Wylie pursuant to § 1915(g). Mr. Wylie is obligated to make partial payments to this court until the filing fee has been paid, in

---

[2]The only issue Mr. Wylie raises that arguably is not repetitive is his complaint that the CDOC has not followed the special master's order. This complaint, however, is premature. Mr. Wylie filed this action on May 9, only two days after the final disposition of Mr. Wylie's ADA claim under *Montez*. There is no indication from the record that the CDOC is refusing to cooperate in providing the glasses. To the contrary, an April 24 letter from Anthony DeCesaro, CDOC grievance officer, states that "an assessment of scotopic sensitivity syndrome for you and providing you with the scotopic glasses are currently in progress and being scheduled."

accordance with § 1915(b).

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge