**Michael A. BLACKMON,
Plaintiff–Appellant,**

v.

**Gary H. HAMBLIN and Rick Raemisch, Defendants–
Appellees.**

No. 11–2029.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 17, 2011.*

Decided Aug. 17, 2011.

---

* The defendants-appellees were not served with process in the district court and are not par-

ticipating in this appeal. After examining the

unusual punishment. He demands unspecified injunctive relief plus $6 million in damages. The district court dismissed his suit at screening. *See* 28 U.S.C. § 1915A(b)(1).

We agree with the district court that Blackmon has selected the wrong vehicle to pursue his grievances. A person convicted of a crime may not use § 1983 to attack the fact of his confinement or the conditions of his parole. *Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir.2006); *Williams v. Wisconsin,* 336 F.3d 576, 579–80 (7th Cir. 2003); *Drollinger v. Milligan,* 552 F.2d 1220, 1224–25 (7th Cir.1977). Nor may a prisoner use § 1983 to obtain damages if success on the merits necessarily would imply the invalidity of the revocation of his parole. *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Williams v. Consovoy,* 453 F.3d 173, 177 (3d Cir.2006); *Coleman v. Dretke,* 395 F.3d 216, 219 n. 2 (5th Cir.2004); *Knowlin v. Thompson,* 207 F.3d 907, 909 (7th Cir.2000). If Blackmon wanted to challenge the constitutionality of Wisconsin's requiring him to obtain a psychological evaluation, then he should have filed a petition for a writ of habeas corpus.

AFFIRMED.

Michael A. Blackmon, Portage, WI, pro se.

Before WILLIAM J. BAUER, Circuit Judge, DIANE S. SYKES, Circuit Judge, DAVID F. HAMILTON, Circuit Judge.

### ORDER

In this suit under 42 U.S.C. § 1983, Wisconsin prisoner Michael Blackmon challenges as unconstitutional the conditions of his parole, which has since been revoked. Blackmon was ordered back to prison because he refused to obtain a psychological evaluation. Blackmon concedes this fact but insists that he is "of sound mind" and that forcing him to seek a psychological evaluation amounts to cruel and

plaintiff-appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the plaintiff-appellant's brief and the record. *See* Fed. R.App P. 34(a)(2)(C).