NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2011[*]
Decided August 17, 2011

*Before*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2029

| | |
|---|---|
| MICHAEL A. BLACKMON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-C-978 |
| GARY H. HAMBLIN and | Rudolph T. Randa, |
| RICK RAEMISCH, | *Judge*. |
| *Defendants-Appellees.* | |

**O R D E R**

In this suit under 42 U.S.C. § 1983, Wisconsin prisoner Michael Blackmon challenges as unconstitutional the conditions of his parole, which has since been revoked. Blackmon was ordered back to prison because he refused to obtain a psychological evaluation. Blackmon concedes this fact but insists that he is "of sound mind" and that forcing him to seek a psychological evaluation amounts to cruel and unusual punishment. He demands

---

[*]The defendants-appellees were not served with process in the district court and are not participating in this appeal. After examining the plaintiff-appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the plaintiff-appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

unspecified injunctive relief plus $6 million in damages. The district court dismissed his suit at screening. *See* 28 U.S.C. § 1915A(b)(1).

We agree with the district court that Blackmon has selected the wrong vehicle to pursue his grievances. A person convicted of a crime may not use § 1983 to attack the fact of his confinement or the conditions of his parole. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006); *Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003); *Drollinger v. Milligan*, 552 F.2d 1220, 1224-25 (7th Cir. 1977). Nor may a prisoner use § 1983 to obtain damages if success on the merits necessarily would imply the invalidity of the revocation of his parole. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Coleman v. Dretke*, 395 F.3d 216, 219 n.2 (5th Cir. 2004); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000). If Blackmon wanted to challenge the constitutionality of Wisconsin's requiring him to obtain a psychological evaluation, then he should have filed a petition for a writ of habeas corpus.

AFFIRMED.