**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2018[*]
Decided May 24, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1789

| | |
|---|---|
| DAVID E. SCHEURICH,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 16-cv-876-JPG |
| JOHN DOE 1 and JOHN DOE 2,<br>    *Defendants-Appellees*. | J. Phil Gilbert,<br>*Judge*. |

**O R D E R**

David Scheurich, a one-time fugitive from Illinois, filed suit under 42 U.S.C.
§ 1983 seeking damages from two Illinois agents who transported him from Arkansas to
Illinois in order to serve his sentence. He contends that the transfer violated the
U.S. Constitution and laws, as well as the Arkansas Uniform Criminal Extradition Act.
*See* U.S. CONST. art. IV, § 2, cl. 2; 18 U.S.C. § 3182; ARK. CODE ANN. §§ 16-94-201 to -231.

---

[*] The defendants were not served with process in the district court and are not
participating in this appeal. We agreed to decide the case without oral argument
because the brief and record adequately present the facts and legal arguments, and oral
argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

The judge dismissed Scheurich's suit as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because his claim for damages assumes that his Illinois criminal judgment is invalid. We agree with the district court's analysis and affirm the judgment.

In reviewing the dismissal, we accept Scheurich's allegations as true and draw all reasonable inferences in his favor. *See Hill v. Serv. Emps. Int'l Union*, 850 F.3d 861, 863 (7th Cir.), *cert. denied,* 138 S. Ct. 446 (2017). Scheurich became a fugitive from Illinois in 2014. He had pleaded guilty in Illinois state court to driving under the influence of alcohol, his fourth conviction. The judge released Scheurich, ordering him to appear for sentencing two months later. When Scheurich did not appear, the judge sentenced him in absentia to seven years in prison.

Arkansas authorities found Scheurich a year later. They detained him in June 2015, and Illinois sought to extradite him. Scheurich challenged the extradition through an application for a writ of habeas corpus. *See* ARK. CODE ANN. § 16-94-210. As required by the Arkansas Uniform Criminal Extradition Act, Scheurich appeared before an Arkansas state judge who determined that Illinois had followed the necessary procedural requirements but that the Governor of Arkansas had not yet signed the required paperwork. *See id.* §§ 16-94-203, -207. The judge ruled, therefore, that Arkansas would continue to detain Scheurich until the court held a follow-up hearing to reevaluate the extradition demand. *See id.* §§ 16-94-207, -210. Scheurich's counsel asked if Illinois could just "come and get" Scheurich before the next hearing, and the judge responded, "[a]bsolutely not." Nonetheless, before the follow-up hearing, two Illinois agents transported Scheurich back to Illinois against his objections. He is currently in Illinois custody serving the seven-year sentence.

Scheurich contends on appeal that because these two agents extradited him before the Arkansas court had resolved his application for a writ of habeas corpus, the judge should not have dismissed his damages suit as *Heck*-barred. But *Heck* precludes a § 1983 suit for damages against state officials if recovery would necessarily imply the invalidity of a still-intact criminal judgment. 512 U.S. at 487. For the reasons we gave in *Knowlin v. Thompson*, 207 F.3d 907 (7th Cir. 2000), that is the situation here. There we explained that an extradited prisoner serving a sentence under a valid criminal judgment may not recover damages based merely on "the denial of an opportunity to test the facial validity of the extradition demand." *Id.* at 909. Recovery of damages is possible only if extradition subjected the prisoner to a greater loss of liberty than would have occurred under the proper procedure. *Id.* But we concluded that a prisoner could prove that only by showing that he "was not, in fact, extraditable through proper

procedures"—i.e., that the underlying judgment was invalid. *Id.* That showing "would necessarily imply the invalidity of" Scheurich's current prison sentence because it would require him to demonstrate that Illinois should not have imprisoned him at all, and "*Heck* instructs [that it] cannot be shown through a § 1983 suit." *Id.* Thus until Scheurich can show that his imprisonment has been invalidated, *Heck* bars this damages suit.

AFFIRMED.