Michael C. ANTONELLI,
Plaintiff–Appellant,

v.

William T. FOSTER, et al.,
Defendants–Appellees.

No. 95–3644.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 31, 1996.

Decided Jan. 10, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 6, 1997.

Michael C. Antonelli, Chicago, IL (submitted on brief), pro se.

James M. Kuhn, Office of the United States Attorney, Thomas P. Walsh, Office of the United States Attorney, Civil Division, Chicago, IL, for Defendants–Appellees.

Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.

POSNER, Chief Judge.

The plaintiff in this civil rights damages suit had been arrested on a federal parole violator warrant, and he complains that his detention for three and a half months pursuant to the warrant was invalid because he was not given a copy of the application for the warrant. The district judge dismissed the suit on the authority of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because the plaintiff had failed, by a direct appeal or by a habeas corpus proceeding or the equivalent, to establish that his detention pursuant to the warrant was unlawful.

■ "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove that "the conviction or sentence" has been invalidated. *Id.* at 486, 114 S.Ct. at 2372. The issue raised by the appeal in this case, an issue of first impression in this circuit, is whether the principle of *Heck* should be applied to a case in which the confinement of which the plaintiff is complaining is preconviction but pursuant to legal process, in this case a warrant. The circuits that have addressed the issue have said that it does apply. *Brooks v. City of Winston–Salem*, 85 F.3d 178, 183 (4th Cir. 1996); *Whiting v. Traylor*, 85 F.3d 581, 585–86 (11th Cir.1996); *Calero–Colon v. Betancourt–Lebron*, 68 F.3d 1, 4 (1st Cir.1995); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.1995). They rely on a passage in the *Heck* opinion in which the Court analogized a civil rights damages action by a prisoner complaining of his conviction or sentence to a suit for malicious prosecution. 512 U.S. at ——, 114 S.Ct. at 2371. A suit for damages for confinement pursuant to a warrant would also be a suit for malicious prosecution, W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 119, p. 871 (5th ed.1984), which can succeed only if the prosecution fails, that is, only if the confinement is held to be unlawful in the proper forum.

■ The problem, which none of the cases we have cited had occasion to consider, is that there may not be any forum in which to challenge the validity of the plaintiff's arrest warrant. He might, for example, have been released the day after he was arrested and before the preliminary hearing to determine probable cause had been held. The Court's reference in *Heck* to expungement by executive order as one method of determining the illegality of the plaintiff's confinement, 512 U.S. at 486–87, 114 S.Ct. at 2372, suggests that the absence of a regular judicial remedy for illegal process may not be a defense to the rule of *Heck*. But this we need not decide. Antonelli was held for months pursuant to the warrant that he is challenging, and he does not argue that he could not have challenged it in his parole revocation proceeding. Of course, if a criminal defendant arrested under an invalid warrant is convicted and given credit against his sentence of imprisonment for the period of his detention

under the warrant, any challenge to the warrant is likely to be moot, since an invalid arrest need not invalidate the conviction; but, if so, then the defendant will not have any damages either.

 We think it worth noting, to dispel any possible confusion, the difference between a suit premised as here on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment, or disciplinary punishment for the violation of a prison's rules, e.g., *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); *Jones v. City of Chicago,* 856 F.2d 985, 993–94 (7th Cir.1988); *Miller v. Indiana Dept. of Corrections,* 75 F.3d 330 (7th Cir.1996), and a suit that complains of official misconduct unrelated to legal process—an unconstitutional arrest without a warrant, the gratuitous beating of the arrested person, his confinement in the Black Hole of Calcutta whether pre- or postconviction, and so forth. E.g., *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir.1996) (per curiam). In none of the cases in the second category—official misconduct unrelated to legal process—is the unlawfulness of the plaintiff's being confined pursuant to legal process an implicit or explicit ingredient of his case. The principle of *Heck* is therefore inapplicable to those cases (as *Heck* itself makes clear, see 512 U.S. at 486–87 nn. 6, 7, 114 S.Ct. at 2372 nn. 6, 7)—but applicable to this one.

AFFIRMED.