

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2007

# Jackson v. Alt

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3211

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jackson v. Alt" (2007). *2007 Decisions.* Paper 879.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/879

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-253                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3211
_____

EDDIE THOMAS JACKSON,
Appellant

v.

DEBRA ALT, District Parole Supervisor,
in her individual capacity
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-01543)
District Judge: Honorable Mary L. Cooper

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 31, 2007

Before:  RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

(Filed:  June 27, 2007)
_____

OPINION
_____

PER CURIAM

Eddie Jackson appeals from the order of the United States District Court for the

District of New Jersey dismissing his civil rights action.

In 1991, Jackson was sentenced in the Superior Court of New Jersey, Mercer

County, to 15 years in prison for a drug conviction. After serving five years, he was released on parole. In 2000, Jackson was arrested on federal firearm charges. He was sentenced to 180 months' imprisonment on that conviction in 2002. In June 2005, defendant, a New Jersey parole supervisor, issued a parole violator warrant against Jackson due to the 2000 arrest. Defendant lodged the warrant as a detainer at Jackson's place of confinement.

Jackson then filed this complaint pursuant to 42 U.S.C. § 1983, alleging that the warrant violated his due process and equal protection rights because his "maximum expiration date" was August 24, 2001, and the parole board's jurisdiction over him expired on that date. The District Court dismissed Jackson's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

Jackson timely filed a notice of appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Jackson leave to proceed in forma pauperis on appeal, we now determine whether his appeal should be dismissed pursuant to § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Jackson seeks damages for alleged due process and equal protection violations arising from what he views as the improper issuance of the parole violator warrant and the lodging of that warrant as a detainer. We agree with the District Court that Jackson may not proceed under § 1983 because he has not successfully challenged the warrant in any state or federal proceeding. See Heck v. Humphrey, 512 U.S. 477, 487 (1994);

2

Antonelli v. Foster, 104 F.3d 899, 900-901 (7th Cir. 2005).

Having concluded that the District Court properly dismissed Jackson's complaint, we will dismiss Jackson's appeal under 28 U.S.C. § 1915(e)(2)(B).