**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3326
_____

JOSE FREMONDE XENOS,
                                               Appellant

v.

JEFFREY K. HAWBECKER, Sheriff, Northampton County Sheriff Department :
Northampton County; JOHN CAPOBIANCO, Detective, Northampton County Sheriff
Department: Northampton County; JOE DOE, Detective, Northampton County Sheriff
Department:Northampton County; ROBERT DOE, Postal Clerk;
ROBERT CORVINO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 08-03026)
District Judge:  Honorable James Knoll Gardner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2011

Before:  JORDAN, GARTH AND BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 3, 2011)

_____

OPINION
_____

PER CURIAM.

        In this pro se appeal, Jose Xenos challenges the District Court's dismissal of his

civil rights claims.  For the following reasons, we will affirm.

I.

Xenos filed his pro se complaint against Jeffrey Hawbecker, the Sheriff of Northampton County; John Capobianco, a detective with the Northampton County Sheriff Department; Robert Corvino, an employee of the United States Post Office; and an unnamed detective.  The complaint asserted that Hawbecker and Capobianco violated Xenos's constitutional rights by arresting him in 2007, pursuant to a 1995 bench warrant issued by the Northampton Court of Common Pleas after Xenos failed to appear at a hearing on a forgery charge that had been filed against him.  Xenos challenged his arrest and subsequent detention on the basis that the bench warrant was invalid because it had expired, the criminal complaint and/or information were invalid, and the state court lacked jurisdiction over the criminal proceeding.  His claims against Corvino were based on Corvino's alleged improper closure of Xenos's post office box in 1996 or 1997, and the fact that Corvino reported him to law enforcement in 2007, resulting in the challenged arrest.  In an amendment to his complaint, Xenos clarified that he was suing Hawbecker and Capobianco in their individual and official capacities and Corvino in his individual capacity only.

Hawbecker and Capobianco moved to dismiss, arguing, among other things, that Xenos's Fourth Amendment claims against them were barred because he pled nolo contendre to forgery and his plea has never been vacated.  Xenos did not file a response,

2

but indicated his opposition to the motion in a "settlement conference summary" that he submitted in advance of a settlement conference scheduled by the Magistrate Judge assigned to the case. In a December 23, 2008 order, the District Court granted the motion to dismiss as unopposed, pursuant to Eastern District of Pennsylvania Local Rule 7.1(c), due to Xenos's failure to file a timely opposition in accordance with the federal and local rules. See E.D. Pa. R. 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested . . . .").

In the meantime, Corvino moved to amend the summons pursuant to Federal Rule of Civil Procedure 12(a)(3), which allows "[a] United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf" 60 days to respond to a complaint. In his motion, Corvino explained that he was seeking representation from the United States Attorney's Office. The District Court granted that motion over Xenos's objection that Corvino should not be entitled to have the United States Attorney represent him.

Corvino ultimately moved to dismiss. Xenos subsequently filed a motion for appointment of counsel and "reinstatement of all dismissed defendants." While Xenos's motion was pending, the District Court ordered him to respond to Corvino's motion by a given deadline. Xenos responded with a statement in which he asked the District Court to construe his pleadings liberally and not to take further action "until effective counsel has been assigned." He also moved to have the United States Attorney dismissed as

counsel for Corvino.

The District Court denied Xenos's motion for appointment of counsel and reinstatement of the dismissed defendants. In the same order, the District Court granted Corvino's motion to dismiss as unopposed, again relying on Local Rule 7.1(c). The District Court considered Corvino's motion to be unopposed, even though Xenos had technically responded, because Xenos failed to present a fully developed legal argument or include citations to authority in accordance with the local rule.[1] The District Court also ordered Xenos to file an amended complaint identifying the unnamed defendant in a manner that would make him amenable to service. When Xenos failed to do so within the prescribed time period, the District Court closed the case. Xenos timely appealed.

## II.

The District Court had jurisdiction over Xenos's claims pursuant to 28 U.S.C. §§ 1331 & 1343. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.[2] We

---

[1] It appears that the District Court never ruled on Xenos's motion to disqualify the United States Attorney.

[2] Hawbecker and Capobianco filed a motion to dismiss for lack of jurisdiction, arguing that Xenos may not challenge the December 23, 2008 order dismissing the claims against them because he failed to appeal within 30 days of the date that order was entered on the docket. That motion is denied. Since the December 2008 order did not resolve Xenos's claims against all of the defendants, and was never certified for appeal pursuant to Federal Rule of Civil Procedure 54(b), the order was not immediately appealable. Accordingly, Xenos could not have appealed the December 23, 2008 order at the time it was entered on the District Court's docket. Once the District Court finally resolved all of the claims against all defendants, the December 23, 2008 order became appealable such that we have jurisdiction to address it. See Chao v. Roy's Constr., Inc., 517 F.3d 180,

4

exercise de novo review over a district court's grant of a motion to dismiss. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). We may also consider matters of public record in determining whether dismissal is appropriate. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). We review a district court's dismissal for failure to comply with a procedural rule for abuse of discretion. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

On appeal, Xenos contends that the District Court erred in holding him "to the same standards of [sic] a trained attorney" despite his pro se status. (Appellant's Br. 3.) Presumably, he is challenging the District Court's reliance on his failure to comply with Local Rule 7.1 as a basis for dismissing his claims. We are inclined to agree with Xenos that the District Court erred in that regard.

The District Court's dismissal of Xenos's claims as "unopposed," without any analysis under Federal Rule of Civil Procedure 12(b)(6), was "a sanction for failure to comply with the local court rule." See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). We have suggested that such a sanction should not be invoked lightly when the plaintiff is pro se and the record evinces an intent to oppose dismissal, regardless of

187 (3d Cir. 2008) ("[P]rior interlocutory orders merge with the final judgment in a case, and the interlocutory orders . . . may be reviewed on appeal from the final order.") (quotations omitted).

the plaintiff's noncompliance with local procedure.  Id.  Thus, unless a plaintiff's failure to oppose a motion can truly be understood to reflect that the motion is unopposed – for instance, when the plaintiff is represented by counsel – we have expressed a preference for an assessment of the complaint on its merits.  Id.  Furthermore, a district court must analyze the relevant factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), before concluding that the sanction of dismissal is warranted.[3] See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990).

We can understand the District Court's frustration with Xenos, a repeat filer who, at least in this case, used offensive language in many of his submissions.  Nevertheless, dismissal here was inappropriate.  Although Xenos did not file an opposition to Hawbecker and Capobianco's motion, he expressed his opposition in the statement he filed in advance of the settlement conference, which reasserted his claims and included citations to legal authority.  Likewise, his response to Corvino's motion to dismiss reflected an intent to oppose the motion, and requested that the District Court refrain from acting on the motion to dismiss until counsel was assigned.  It is possible that Xenos was hoping that his motion for counsel would be granted and that he would be given additional time to respond before the District Court disposed of his claims.  Given

---

[3] Those factors are (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) any history of dilatoriness; (4) whether the party acted willfully or in bad faith; (5) the availability of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Poulis, 747 F.2d at 868.

Xenos's clear intention to prosecute his case, we find it difficult to conclude that dismissal was an appropriate sanction for failure to comply with Local Rule 7.1, especially since the District Court did not undertake any analysis of the <u>Poulis</u> factors to establish that such a sanction was warranted.[4]

We will nevertheless affirm on alternative grounds because Xenos's claims lack merit. <u>See</u> <u>Johnson v. Orr</u>, 776 F.2d 75, 83 n.7 (3d Cir. 1985) ("An appellate court may affirm a result reached by the district court on reasons that differ so long as the record supports the judgment."). The public documents submitted by Hawbecker and Capobianco in support of their motion to dismiss establish that, in September 1995, a Magistrate Judge issued a warrant for Xenos's arrest after a criminal complaint was filed against him. When Xenos failed to appear for a hearing, a District Judge on the Northampton County Court of Common Pleas issued a fugitive warrant for his arrest. Thereafter, the state court permitted the prosecutor to file an information charging Xenos with forgery given Xenos's fugitive status. While still a fugitive, Xenos corresponded with the Criminal Clerk about the charge despite knowing that a warrant had been issued for his arrest. He was eventually arrested by Hawbecker and Capobianco in May 2007, and ultimately pled nolo contendere to the forgery charge.

Xenos's challenges to his detention on the basis that the state court lacked

---

[4] Although we conclude that the District Court should not have invoked Local Rule 7.1 to dismiss the complaint, we reject Xenos's assertions that the District Court was biased against him and/or civil rights plaintiffs in general.

jurisdiction over his criminal case and that the criminal complaint and/or information were invalid are barred because success on those claims would necessarily imply the invalidity of his conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Commonwealth v. Darden, 531 A.2d 1144, 1146 (Pa. Super. Ct. 1987) (plea of nolo contendre has the same effect as a guilty plea). Heck likewise bars Xenos's challenge to his arrest, which was effectuated pursuant to legal process, i.e., a bench warrant and related criminal information.[5] Antonelli v. Foster, 104 F.3d 899, 900 (7th Cir. 1997) (holding that Heck applies when "the confinement of which the plaintiff is complaining is preconviction but pursuant to legal process, . . . [such as] a warrant"); see also Wallace v. Kato, 549 U.S. 384, 389-90 (2007). But even if Heck did not bar Xenos's claim that he was unlawfully arrested, the claim would fail on its merits because it is based on a premise for which there is no legal support, namely, that the 1995 bench warrant expired before his arrest in 2007.[6] We also conclude that Xenos has failed to allege sufficient

---

[5] In that respect, Xenos's case is distinguishable from those cases in which a plaintiff asserts Fourth-Amendment false arrest and/or false imprisonment claims stemming from a warrantless seizure. See Dique v. N.J. State Police, 603 F.3d 181, 187 (3d Cir. 2010). Since Xenos challenges his arrest and detention pursuant to a warrant and criminal information, his claims are more accurately characterized as malicious prosecution claims than false imprisonment claims. See Antonelli v. Foster, 104 F.3d 899, 900 (7th Cir. 1997); see also Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.").

[6] The legal authority upon which Xenos relies concerns statutes of limitations for

8

facts to overcome dismissal of his conspiracy claims.[7] <u>Dique</u>, 603 F.3d at 188-89.

In his reply brief, Xenos now contends that his claims against Corvino are based exclusively on the fact that Corvino reported him to local law enforcement in 2007, and do not concern Corvino's closure of his post office box. We fail to see how Corvino's identification of Xenos to law enforcement officers states a claim for relief. Xenos does not elaborate on that theory, instead focusing all of his efforts on his argument that Corvino should not have received representation by the United States Attorney. We rejected that argument when we denied Xenos's motion to disqualify the United States Attorney from representing Corvino in this appeal, and we see no reason to reconsider that ruling now. <u>See</u> 28 C.F.R. § 50.15(a) ("[A] federal employee . . . may be provided representation in civil, criminal and Congressional proceedings in which he is sued, subpoenaed, or charged in his individual capacity, . . . when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States.").

---

the prosecution of certain crimes. It appears he is suggesting that, if a defendant fails to appear during criminal proceedings and manages to evade authorities for the duration of the statute of limitations governing the offenses with which he is charged, he may not subsequently be prosecuted for those offenses if he is captured. Nothing in Pennsylvania or federal law rewards fugitives in such a manner.

[7] Xenos's official capacity claims against Hawbecker and Capobianco likewise fail because Xenos has not alleged that the asserted constitutional deprivations resulted from a policy or custom. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985).

9

Similarly, we adhere to our prior ruling that Xenos is not entitled to counsel on appeal under <u>Tabron v. Grace</u>, 6 F.3d 147, 155-57 (3d Cir. 1993).  Accordingly, his renewed request for counsel is denied.

For the foregoing reasons, we will affirm the District Court's dismissal of Xenos's complaint.