**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3063
_____

JOSE FREMONDE XENOS,
                                        Appellant
v.

ROBERT CORVINO, POSTAL CLERK AND SNITCH IN HIS PRIVATE AND
MINISTERIAL CAPACITIES; TAMMY THOMAS, POSTAL SUPERVISOR IN
HER PRIVATE AND MINISTERIAL CAPACITIES; JOE SARNOSINSKI,
POSTAL SUPERINTENDENT IN HIS MINISTERIAL CAPACITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 08-cv-04846)
District Judge: Honorable James Knoll Gardner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 2, 2012
Before: SLOVITER, SMITH and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 3, 2012)

_____

OPINION
_____

PER CURIAM

Jose Fremonde Xenos appeals from an order of the United States District

Court for the Eastern District of Pennsylvania, which denied his motion for appointment of counsel and granted the Defendants' motion to dismiss Xenos' complaint. For the following reasons, we will affirm the District Court's order.

I.

In his complaint, Xenos raised claims pursuant to 42 U.S.C. §§ 1983 and 1985, and the Ninth Amendment to the United States Constitution. Xenos stated that he had previously filed a complaint against Robert Corvino, a postal employee. Xenos complained that after Corvino was served with the complaint, "Corvino began to discriminate against plaintiff when he would come to the post office for service by denying him service, acting in a hysterical and threatening manner and scream[ing] at Xenos . . . ." Xenos alleged he was denied service on September 9, 2008, and that he called Corvino's supervisor, Tammy Thomas, who suggested that he might want to go to a different post office. When Xenos went back to the same post office on September 15, 2008, Corvino "began to act threatening and screaming that he was going to call the police." Xenos called Thomas again, who advised him not to go to that post office again. Xenos alleged that Corvino then filed a complaint with the Bethlehem police. Xenos also complained that postal superintendent Joe Sarnosinski was never available to take his calls and was derelict in his duty for allowing the discrimination. Xenos sought $1000/day in damages.

2

The Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), noting that Xenos had failed to identify any statutory or constitutional right that was violated by Corvino's or Thomas's actions. Soon thereafter, Xenos filed a motion for appointment of counsel. In an order entered May 4, 2010, the District Court, without mentioning the motion for appointment of counsel, directed Xenos to respond to the Defendants' motion to dismiss by May 21, 2010.

On May 19, 2010, Xenos filed a response to the Court's order, complaining that the Court should not have allowed Defendants to file the motion to dismiss out of time, and complaining that the judge was biased against civil rights plaintiffs. Xenos cited caselaw stating that filings by a pro se plaintiff should be construed liberally. He also noted that he had spent 90 days in a mental hospital, and thus he could not represent himself. He cited no other caselaw or arguments in opposition to the motion to dismiss. He also asked the Court to "take no further action until effective counsel has been assigned to this case."

The District Court entered an order denying Xenos' motion for appointment of counsel, and granting the motion to dismiss as unopposed, relying on Eastern District of Pennsylvania Local Rule 7.1(c). See E.D. Pa. R. 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested . . . ."). In a footnote, the Court stated that Xenos had failed to adequately brief his opposition to the motion to dismiss, and stated that his pro se status did not excuse him from

3

responding to the arguments in the motion.

Xenos timely appealed. In his brief, he challenges only the District Court's decision to deny him appointment of counsel.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal under Rule 12(b)(6) de novo. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). In doing so, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id. at 233 (citation and quotation omitted). The factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." Id. at 234 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Pro se complaints, however, must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and quotations omitted).

We recently affirmed an order of the District Court involving another complaint filed by Xenos. See Xenos v. Hawbecker, 441 F. App'x 128 (3d Cir. 2011) (not precedential). In that case, the District Court had similarly denied Xenos' motion for appointment of counsel and had granted the defendants' motion

4

to dismiss as unopposed because Xenos had failed to present a fully developed legal argument against dismissal. We noted that dismissal of Xenos' complaint as "unopposed" was in essence "a sanction for failure to comply with the local court rule," and that "such a sanction should not be invoked lightly when the plaintiff is pro se and the record evinces an intent to oppose dismissal, regardless of the plaintiff's noncompliance with local procedure." Xenos, 441 F. App'x at 131 (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)). We further noted that such a dismissal requires a district court to "analyze the relevant factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir.1984), before concluding that the sanction of dismissal is warranted." [1] Xenos, 441 F. App'x at 131.

The District Court here did not provide an analysis pursuant to Poulis. Nevertheless, as with the previous case, we will affirm on alternative grounds because Xenos' claims lack merit.[2] Brightwell v. Lehman, 637 F.3d 187, 191 (3d

---

[1] The six factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) any history of dilatoriness; (4) whether the party acted willfully or in bad faith; (5) the availability of alternative sanctions; and (6) the merit of the claim or defense. Poulis, 747 F.2d at 868.

[2] We recognize that technically, Xenos has only challenged the District Court's decision to deny him appointment of counsel. However, because a decision about whether to appoint counsel is tethered to an analysis of whether the complaint has merit, and because we liberally construe his pro se brief to challenge the dismissal of his complaint, we proceed directly to a discussion of the merits of Xenos' case.

Cir. 2011) ("We may affirm a district court for any reason supported by the record."). Xenos has not identified any constitutional or statutory right that was violated by the Defendants. It is not clear why he invoked the Ninth Amendment, but it is clear, in any event, that the Amendment does not extend to this mine-run fact pattern. Zeller v. Donegal Sch. Dist. Bd. of Educ., 517 F.2d 600, 605 n. 26 (3d Cir. 1975) (en banc). Xenos has not identified any statutory or constitutional right to use a particular post office. See United States Postal Serv. v. Council of Greenburgh Civic Ass'ns., 453 U.S. 114, 129 (1981) (First Amendment does not guarantee access to property simply because it is owned or controlled by government). As Appellees note, postal regulations allow the Postal Service to restrict a person's use of the post office "by prohibiting the destruction of postal property, requiring patrons to comply with official signs, prohibiting disorderly conduct or conduct that obstructs a postal employee's ability to perform his job duties, and prohibiting solicitation and advertisement activities. 39 C.F.R. § 232.1(a)-(e), (h) (2006)." Appellees' Brief at 15. Xenos was not restricted from using postal facilities, but was only denied service by a particular clerk on two occasions. Xenos has not explained how Corvino or Thomas violated any of his rights.

---

See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in deciding whether to appoint counsel, court must determine, as a threshold matter, if claim has arguable

6

Assuming that Xenos was attempting to raise a claim that Defendants retaliated against him for filing a lawsuit against Corvino, his claim fails. Accepting the allegations of the complaint as true, Corvino's actions were not so egregious as to deter an ordinary person from exercising his First Amendment rights, and Thomas's suggestions that Xenos use a different post office did not cause him any harm. See Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006) (key question in determining whether cognizable First Amendment claim has been stated is whether alleged retaliatory conduct was sufficient to deter person of ordinary firmness from exercising First Amendment rights). We further agree with Appellees that to the extent Xenos raised claims against them in official capacities, such claims would be barred by sovereign immunity. United States v. Mitchell, 463 U.S. 206, 212 (1983).

Because Xenos' claims are without merit, the District Court properly denied his motion for appointment of counsel, and properly dismissed his complaint. For the foregoing reasons, we will affirm the District Court's judgment.

merit in fact and law).