**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3109
_____

NATHAN W. CLOUSER,
Appellant

v.

TODD JOHNSON; REGIS VOGLE; JOHN GOSHERT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-01870)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2017
Before: SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: April 3, 2017)
_____

OPINION[*]
_____

PER CURIAM

      Nathan Clouser appeals pro se from two orders of the District Court granting

summary judgment in favor of appellees on the remaining counts in his civil rights suit.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

For the reasons discussed below and in the District Court's opinions and orders, we will affirm the District Court's judgment.

Clouser filed a complaint in the District Court pursuant to 42 U.S.C. § 1983. His complaint alleged that a search of his residence in Dauphin County, Pennsylvania, and his subsequent arrest and detention, led to a series of constitutional violations under the Fourth, Fifth, Sixth, and Fourteenth Amendments. Among other things, Clouser alleged that defendant Todd Johnson, a Dauphin County detective, included false statements in the affidavit of probable cause in support of the warrant application to search Clouser's residence. Clouser also alleged that several days after his arrest, Johnson and defendant Regis Vogel III,[1] a Dauphin County officer, confronted Clouser about two packages that had been sent to his residence. Clouser alleged that Johnson knew that his mail had been seized illegally and attempted to conceal that fact, although he did not allege that Johnson seized the packages personally. Clouser also alleged that Johnson and Vogel improperly obtained Clouser's consent to search the packages at a time when Clouser said he had a lawyer and purportedly should not have been questioned without counsel present.[2]

---

[1] According to the appellees, "Vogel" is the correct spelling of this surname, although the case caption uses "Vogle."

[2] Subsequent to these events, a federal grand jury indicted Clouser on drug charges. He filed a motion to suppress the evidence discovered during the search of his residence (on Fourth Amendment grounds) and his mail packages (on Sixth Amendment grounds). Prior to a ruling on that motion, Clouser pleaded guilty to one count of manufacturing, distributing, and possessing with intent to distribute a substance containing a detectable amount of fentanyl and methamphetamine; and two counts of using a communication facility in the commission of a felony drug offense.

The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Adopting the report and recommendation of the Magistrate Judge, the District Court dismissed all claims against defendant John Goshert, a supervisor with the Dauphin County Criminal Investigation Unit.  The District Court dismissed all claims against Vogel except the Sixth Amendment claim.  The District Court allowed the Fourth, Sixth, and Fourteenth Amendment claims to continue against Johnson, but dismissed the Fifth Amendment claim against him.[3]

Following discovery, Vogel and Johnson filed a joint motion for summary judgment based on the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994).  The District Court granted judgment in favor of Johnson as to Clouser's false-imprisonment claim for the time period between April 11, 2011 and October 4, 2011—i.e., between when Clouser was held on a warrant for earlier unrelated charges, and when Clouser was moved from state to federal custody.  The District Court denied Vogel and Johnson's motion in all other respects.  With leave of the District Court, Johnson and Vogel then filed a second summary judgment motion on the remaining claims.  A Magistrate Judge recommended that the motion be granted in part and denied in part—in particular, the Magistrate Judge reasoned that Johnson may have acquiesced in the allegedly unlawful seizure of Clouser's packages and thereby violated the Fourth Amendment.  Disagreeing with the Magistrate Judge in that one respect, the District

---

[3] In the District Court, Clouser conceded that the Fifth Amendment claim against Johnson should be dismissed.

Court granted the second summary judgment motion in its entirety and entered final judgment in favor of Vogel and Johnson. This appeal followed.

On appeal, Clouser raises three issues. First, Clouser argues that the District Court should not have granted summary judgment on the Fourth Amendment claim against Johnson. Clouser contends that there was evidence in the record to show that Johnson had knowledge that the packages may have been seized illegally. Second, Clouser argues that his false arrest claim should have survived summary judgment based on his allegation that Johnson knowingly or recklessly made false statements in support of the warrant application that eventually led to Clouser's arrest, and because the District Court should not have construed this claim as a malicious prosecution claim that Heck v. Humphrey barred. Third, Clouser argues that, considering the totality of the circumstances, Johnson and Vogel's request to search Clouser's packages was a "critical stage" in the criminal proceedings against him, such that Johnson and Vogel were required under the Sixth Amendment to allow Clouser to consult with an attorney before Clouser consented to the search. For the reasons set out below, we conclude that none of these three arguments shows that the District Court erred in its summary judgment ruling.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's ruling on a motion for summary judgment de novo. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is

4

entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

First, we agree with the District Court that Clouser failed to put forth sufficient evidence to create a genuine factual issue concerning whether Johnson was personally involved in the alleged unlawful seizure of his packages, substantially for the reasons set forth in the District Court's opinion. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."). Clouser did not produce evidence of actual knowledge, even if mere acceptance of the packages could be considered acquiescence. Clouser's assertion that Johnson must have known the seizure was potentially unlawful is only speculation and lacks factual support. Clouser's first argument on appeal therefore fails.

Second, the District Court correctly granted summary judgment as to Johnson on Clouser's claim of false imprisonment. Clouser alleged that he was held unlawfully from April 20, 2011, until October 4, 2011, based on Johnson's alleged misdeeds in obtaining Clouser's arrest. We agree with the District Court that under the circumstances of this case, Clouser's claim was better construed as a malicious prosecution claim because he was held in custody after April 20, 2011, pursuant to a warrant. See Myers v. Koopman, 738 F.3d 1190, 1195 (10th Cir. 2013); Antonelli v. Foster, 104 F.3d 899, 900 (7th Cir. 1997). Here, because the criminal proceeding against Clouser did not conclude in his favor, any malicious prosecution claim would necessarily fail because under the

5

favorable termination rule of Heck v. Humphrey the claim did not accrue.  See Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000).

To attempt to overcome that result, Clouser argues that under Wilson v. Russo, 212 F.3d 781, 783 (3d Cir. 2000), his false imprisonment claim should have survived summary judgment—notwithstanding the application of the favorable termination rule— because Johnson made false statements in order to obtain the warrant to search Clouser's residence.  We agree, however, with the District Court's conclusion that Clouser failed to put forth sufficient evidence to create a genuine factual issue concerning both whether Johnson "knowingly and deliberately" or "with a reckless disregard for the truth" falsified a statement in order to procure the warrant, and also that the statements were material or necessary to the probable cause finding.  See Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997).  Consequently, Clouser's second argument on appeal fails.

Clouser's third argument on appeal, concerning his Sixth Amendment claim against Johnson and Vogel, warrants more detailed discussion.  Clouser alleged that Johnson and Vogel violated his Sixth Amendment right to counsel when, on March 29, 2011—two weeks after his arrest—they pressed him to sign a "consent to a search form" for a package addressed to Clouser.  Clouser argued that because he had already retained an attorney by that point, he should not have been questioned without counsel.  Adopting the Magistrate Judge's report and recommendation, the District Court determined that the officers were entitled to qualified immunity because they had not violated any "clearly established" right under the Sixth Amendment.  In particular, the District Court

6

determined that it was not clearly established that a "consent to search" is a "critical stage" of a criminal proceeding, such that the right to counsel applies.

Qualified immunity is an affirmative defense that "shield[s] officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). To overcome that immunity, the facts must show (1) the violation of a constitutional right and (2) that the right was clearly established at the time of the alleged misconduct. Saucier v. Katz, 533 U.S. 194, 201 (2001). A court may address these prongs in either order in light of the circumstances in the particular case. Pearson, 555 U.S. at 236.

A government official's conduct violates clearly established law when, at the time of the challenged conduct, every reasonable official would understand that what he is doing violates the right alleged. Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011); Anderson v. Creighton, 483 U.S. 635, 640 (1987). The Supreme Court has emphasized that "'[w]e do not require a case directly on point' before concluding that the law is clearly established, 'but existing precedent must have placed the statutory or constitutional question beyond debate.'" Stanton v. Sims, 134 S. Ct. 3, 5 (2013) (quoting al-Kidd, 563 U.S. at 741); see also Williams v. Sec'y Pa. Dep't of Corr., No. 14-1469, ___ F.3d ____, ____, 2017 WL 526483, at *14 (3d Cir. Feb. 9, 2017). We look first for applicable Supreme Court precedent. If none exists, it may be possible that a "robust consensus of cases of persuasive authority" in the Courts of Appeals could clearly establish a right for purposes of qualified immunity. Taylor v. Barkes, 575 U.S. ____, ____, 135 S. Ct. 2042, 2044 (2015) (internal quotation marks omitted).

7

As interpreted by the Supreme Court, the Sixth Amendment guarantees that in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense at every "critical stage" in a criminal prosecution. Coleman v. Alabama, 399 U.S. 1, 9 (1970); Dellavecchia v. Sec'y Pa. Dep't of Corr., 819 F.3d 682, 692-93 (3d Cir. 2016). A "critical stage" is one in which "the accused required aid in coping with legal problems or assistance in meeting his adversary." United States v. Ash, 413 U.S. 300, 313 (1973). The question presented here is therefore whether it was clearly established that the request for consent to search in the particular circumstances of this case was a "critical stage" of Clouser's criminal prosecution. See Saucier, 533 U.S. at 200-01 (instructing that a court must frame clearly established law "in light of the specific context of the case, not as a broad general proposition."); Werkheiser v. Pocono Twp., 780 F.3d 172, 176-77 (3d Cir. 2015).

No party in this case identified any Supreme Court precedent interpreting the Sixth Amendment that would have put Johnson and Vogel on notice that, under the specific circumstances presented here, they would violate Clouser's Sixth Amendment right to counsel if they asked Clouser for his consent to search his packages without an attorney present.[4] And although caselaw reveals that it is a closer question than the appellees suggest, there is also no consensus in the Courts of Appeals that Johnson and Vogel's actions would clearly have amounted to a constitutional violation.

---

[4] Clouser cites Supreme Court precedent concerning the Fifth Amendment right to counsel, but that issue is not part of this appeal.

8

In United States ex rel. Daley v. Yeager, 415 F.2d 779 (3d Cir. 1969), we considered whether obtaining a defendant's consent to search his dwelling violated the Fourth, Fifth, and Sixth Amendments when the defendant was questioned in his jail cell after a preliminary hearing on murder charges. Citing Escobedo v. Illinois, 378 U.S. 478, 485-88 (1964), we held that "[o]nce the prosecution has commenced, law enforcement officers may not secure concessions from an accused which circumvent the protections a lawyer might provide." 415 F.2d at 783.[5] In a case citing Daley, the Eighth Circuit concluded that the government violated a defendant's Sixth Amendment rights when officers obtained a consent to search after assuring the defendant's prospective lawyer that they would not question the defendant without an attorney present. Hall v. Iowa, 705 F.2d 283, 290 & n.6 (8th Cir. 1983).

Other authority points in the opposite direction. In United States v. Kon Yu-Leung, 910 F.2d 33, 38-42 (2d Cir. 1990), the Second Circuit held that a post-indictment request for consent to search was not a critical stage for purposes of the Sixth Amendment right to counsel. The Second Circuit emphasized that "no confrontation occurred, as in the case of a lineup, which would result in adverse consequences difficult to remedy at trial," and that "no evidence was generated, as in the case of incriminating testimony, that was not already in existence and virtually certain to be available to the government in due course[.]" Id. at 39-40. Citing Yu-Leung, the Eleventh Circuit reached the same conclusion in United States v. Hidalgo, 7 F.3d 1566, 1570 (11th Cir.

---

[5] In Daley, however, one consideration was whether the defendant's consent was truly voluntary, in light of his mental illness and suggestibility. See id. at 783-84.

9

1993).  The Eleventh Circuit reasoned that "[t]he request for a consent to search is not a trial-like confrontation where the absence of counsel poses a threat of substantial prejudice to the accused like that posed by the absence of counsel at a pretrial lineup, or a pretrial interrogation."  Id.  "Instead, it is more analogous to a request for other types of physical evidence, such as handwriting exemplars, blood samples, and the like, or to a photographic display."  Id.  The accused would therefore "have a meaningful confrontation of the evidence against him through the ordinary trial processes."  Id.  Finally, the Sixth Circuit agreed with these two cases, albeit in a not precedential opinion.  United States v. Cooney, 26 F. App'x 513, 523-24 (6th Cir. 2002) (non-precedential).

In light of these various holdings, we find no consensus of authority that the request for a consent to search that occurred in the particular circumstances of this case implicated a clearly established constitutional right.[6]  Clouser's third and final arguments on appeal therefore fail as well.

Consequently, we will affirm the District Court's judgment.

---

[6] That said, we do not endorse Johnson and Vogel's actions, and we caution government officials to carefully consider that there may well be circumstances in which the Sixth Amendment applies to requests for consent to search, as this Court held in United States ex rel. Daley v. Yeager and as the Eighth Circuit concluded in Hall v. Iowa.

10